IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEX SPECIAL ASSETS, | : | |
| AURORA LOAN SERVICES, LLC | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 1:10-CV-2937-TWT-ECS |
| | : | |
| ALISON HAROLD, | : | |
| | : | |
| Defendant. | : | |

**ORDER, FINAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**I.**
**Introduction**

The above-styled case is a dispossessory action originally filed in the Dekalb County State Court that Defendant is seeking to remove to this Court under 28 U.S.C. § 1441 et seq. This action is presently before the Court on Defendant's request to proceed *in forma pauperis* and her purported removal of this action to this Court. [Doc. 1]. After consideration by the Court of Defendant's affidavit of indigency, her request to proceed *in forma pauperis* is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). Because the Defendant's removal from the Dekalb County State Court was improperly effected under 28 U.S.C. §§ 1446(b) and (d), however, it

3

is **RECOMMENDED** that this action be **REMANDED** to the Dekalb County State Court.

## II.
## Factual Background

On January 25, 2010, Plaintiff Lex Special Assets instituted a foreclosure proceeding in the Dekalb County State Court upon Defendant's real property located at 1963 Saxon Valley Circle, Atlanta, Georgia, 30319.[1] On September 14, 2010, Defendant attempted to remove the action to this Court by filing a "Notice of Removal." [Doc. 1]. Defendant's notice of removal included a "Civil Cover Sheet" that marked diversity jurisdiction as the basis of this Court's jurisdiction and marked that this was an "original proceeding" instead of a proceeding "removed from state court," even though Defendant's filing petitions this Court for a removal of the state court case and references the Dekalb State Court case number in her petition for removal.[2] [Doc. 1-2]. Defendant also filed a

---

[1]   The case number for that action in Dekalb County is 10D40827.

[2]   Curiously, Defendant does not name Lex Special Assets, the plaintiff in the Dekalb County action, in her civil cover sheet or in any of her removal materials; instead, Defendant names another party, Aurora Loan Services. [Doc. 1]. The Clerk of Court for this Court, presumably because Defendant referred to the Dekalb County State Court case number in her petition for removal, lists both Lex Special Assets and Aurora Loan Services as Plaintiffs on the docket for the removed case in this Court, Civil Action No. 1:10-cv-2937-TWT.

notice of removal with the Dekalb County State Court, and such notice appears in the Dekalb County State Court's online docketing system.[3] Defendant alleges that she served written notice of the removal upon Aurora Loan Services.[4] [Doc. 1-1 at 3].

### III.
### Discussion

**A. Subject Matter Jurisdiction and Remand**

Twenty-eight U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject

---

[3]  See Notice of Removal (Sept. 14, 2010 filing date), *available at* www.dekalbstatecourt.net (follow "Online Judicial System [OJS]" then enter in the case number, 10D40827).

[4]  Defendant does not allege, however, that she gave any written notice to the Plaintiff in the state court action, Lex Special Assets. See [Doc. 1-1 at 3] (certifying that the Defendant provided "a true and complete copy of the foregoing notice of removal, by depositing the same in the United States mail, . . ." to Aurora Loan Services and McCurdy and Candler, LLC). On the Dekalb County online judicial system, Lex Special Assets's attorney is listed as Paul G. Wersant, an attorney at Johnson & Freedman, LLC, not McCurdy and Candler, LLC. See online docket, *available at* www.dekalbstatecourt.net (follow "Online Judicial System [OJS]" then enter in the case number, 10D40827).

matter jurisdiction, the case shall be remanded." Id. § 1447(c). In removal cases, the party seeking removal has the burden to demonstrate that federal jurisdiction exists, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Whether federal-question jurisdiction exists "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Furthermore, "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

In the present case, there is no indication that Lex Special Assets's action relies on anything but state – not federal – law.[5]

---

[5] Defendant did not attach a copy of the dispossessory action in her papers, including only a notice for trial and a barely legible copy of an order and judgment. [Doc. 1-1 at 9-10].

6

Nevertheless, Harold alleges that removal is proper because the dispossessory proceedings in the State Court are occurring in violation of Harold's constitutional rights. [Doc. 1-1]. A case may not be removed to federal court, however, "on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). Harold's filing with this Court could be properly construed as a defense because she filed it in response to the imminent foreclosure upon her house, and asked "[t]his honorable court to reverse foreclosure" and to "issue a rule nisi to foreclosure." [Doc. 1-1 at 5-6]. Alternatively, even if Defendant's filing with this Court is not a defense but a counterclaim, Defendant may not predicate federal question jurisdiction upon the assertion of a federal counterclaim, as discussed above. Vornado, 535 U.S. at 831. Thus, absent a federal question presented on the face of Plaintiff's well-pleaded complaint or evidence that warrants the application of an exception to the well-pleaded complaint rule, Harold cannot properly remove the action on the basis of federal subject matter jurisdiction. Caterpillar, 482 U.S. at 393; see also HSBC Mortg. Servs., Inc. v. Cunningham, (Slip Copy) 2007 WL 3005337 (N.D. Ga. Oct. 12, 2007) (remanding a dispossessory action to the state court for lack of subject matter jurisdiction).

7

Harold also cannot remove this action from state court to federal court based on her selection of diversity of citizenship under "Basis of Jurisdiction" on the "Civil Cover Sheet" of her filing with this Court. [Doc. 1-2]. An action giving a federal court jurisdiction based on diversity of citizenship is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); accord HSBC Mortg. Servs., Inc. v. Cunningham, No. 1:07-cv-2480-WSD-JFK, 2007 WL 3005337 at *2 n.3 (N.D. Ga. Oct. 12, 2007) ("Where original jurisdiction for removal purposes is founded on diversity of citizenship, an action may be removed only if none of the defendants is a citizen of the State in which the action is brought.") (citing 28 U.S.C. § 1441(b)). In this case, Harold holds herself out as a Georgia citizen;[6] therefore, removal based on diversity of citizenship is improper due to lack of subject matter jurisdiction.[7] When a district court lacks subject

---

[6]   See, e.g., Defendant's "Civil Cover Sheet," in which Defendant marked that she is a resident of Dekalb County, Georgia. [Doc. 1-2].

[7]   The undersigned also observes that Defendant's removal is improper for two additional procedural reasons. First, a defendant seeking removal of a civil action must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . , or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is

8

matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c).

## IV.
## Conclusion

For the reasons stated above, the undersigned finds that this Court lacks subject matter jurisdiction. Accordingly, **IT IS RECOMMENDED** that the Clerk be **DIRECTED** to **REMAND** this action to the State Court of Dekalb County. The undersigned **FURTHER RECOMMENDS** that Defendant be **DIRECTED** to post a $10,000 bond at the time of filing any further removal of this state court action, so that any subsequent award of attorney's fees and sanctions against the removing parties will be covered in the event another ungrounded removal of this action is attempted. In the event Defendant does not post such a bond upon re-filing, the Clerk should bring the filing to the attention of the Court along with an order for summary remand and for consideration of an award of sanctions. See Matthew v. Country Wide Home Loans, No. 1:07-cv-1465-TWT, 2007 WL 4373125 at

---

shorter." 28 U.S.C. § 1446(b). In this case, the foreclosure proceeding began on January 25, 2010, in the State Court of Dekalb County, making Harold's September 14, 2010, removal untimely. See Payment and Filing Fee (Jan. 25, 2010 filing date), *available at* www.dekalbstatecourt.net (follow "Online Judicial System [OJS]" then enter in the case number, 10D40827). Second, as discussed earlier, there is no indication that Defendant gave notice of removal to Lex Special Assets, the Plaintiff in the state court action. Under 28 U.S.C. § 1446(d), a defendant must give written notice of removal to all adverse parties. Therefore, Defendant's removal is improper for these additional reasons.

9

*1 (N.D. Ga. Dec. 11, 2007) (slip copy). Defendant's request to proceed *in forma pauperis* is **GRANTED** for the purposes of remand only. The clerk is **DIRECTED** to terminate the reference to the undersigned in this matter.

**SO ORDERED, REPORTED AND RECOMMENDED** this 10th day of November, 2010.

                                              s/ *E. Clayton Scofield*
                                              E. CLAYTON SCOFIELD III
                                              UNITED STATES MAGISTRATE JUDGE